**GTE FLORIDA INCORPORATED,**
**Plaintiff,**

v.

**Julia L. JOHNSON, et al., Defendants.**

**No. 4:97cv26–RH.**

United States District Court,
N.D. Florida,
Tallahassee Division.

May 11, 1997.

---

Harry R. Detwiler, Alford & Detwiler, Tallahassee, FL, Mark L. Austrian, Collier Shannon Rill & Scott, Washington, DC, for GTE Florida Inc.

David E. Smith, Public Service Com'n, State of Florida, Tallahassee, FL, for Julia L. Johnson, J. Terry Deason, Susan F. Clark, Diane K. Kiesling, Joe Garcia.

James Cloudis Smith, Mark K. Logan, Brian David Ballard, Paul Race Bradshaw, Bryant Miller & Olive, Tallahassee, FL, for AT&T Communications of the Southern States Inc.

Richard Dent Melson, Carolyn Songer Raepple, Hoppig Green Sams & Smith, Tallahassee, FL, Matthew Pachman, MCI Communications Corp. Washington, DC, for MCI Telecommunications Corp.

Matthew Pachman, MCI Communications Corp. Washington, DC, for MCImetro Access Transmission Services Inc.

Roy F. Blondeau, U.S. Dept. of Justice, U.S. Atty's Office, Tallahassee, FL, Martha Hirschfield, U.S. Dept. of Justice, Civ. Div., Washington, DC, for U.S., F.C.C.

## ORDER OF DISMISSAL

HINKLE, District Judge.

This action arises under the Telecommunications Act of 1996, 47 U.S.C. §§ 251–252 ("the Act"). The Act requires the incumbent local exchange carrier ("LEC") in any territory to negotiate in good faith with any requesting telecommunications carrier on the terms under which the requesting carrier will be allowed to interconnect with the LEC's facilities and equipment. In effect, the interconnection agreements to be entered pursuant to the Act, together with the related duties created by the Act, would allow competition in the market for local telephone services.

In the event of any disagreement between the requesting carrier and LEC on the terms to be included in such an agreement, the Act provides for binding arbitration before the applicable state regulatory authority. In Florida the applicable regulatory authority is the Florida Public Service Commission ("the Commission").

Plaintiff GTE Florida Incorporated ("GTE") is the incumbent local exchange carrier in parts of Florida. Defendants AT & T Communications of the Southern States, Inc. ("AT & T") and MCI Telecommunications Corporation ("MCI"), respectively, requested that GTE enter interconnection agreements with them. The parties were unable to reach agreement on all applicable terms and proceeded to arbitration before the Commission in October 1996.

In January 1997, the Commission issued an order resolving, or at least attempting to resolve, the issues raised in the arbitration. The parties entered partial agreements in February 1997 but were unable to agree on all terms notwithstanding the Commission's order; the parties were unable to agree on the import of the Commission's order in some respects and raised additional matters not addressed by the Commission.

The remaining issues came back before the Commission at an agenda conference on March 18, 1997. The Commission ruled orally on the various remaining issues. The parties expect the Commission to issue a written order soon setting forth its rulings as announced at the agenda conference. The parties expect the Commission to include in the written order a directive to the parties to enter a written agreement in accordance with

the Commission's rulings within 14 days of issuance of the written order.

GTE has filed this action against AT & T, MCI and the members of the Commission in their official capacities. GTE asserts that the Commission's rulings as set forth in its January 1997 written order are inconsistent with the requirements of the Act. The defendants have moved to dismiss for lack of subject matter jurisdiction. The United States and Federal Communications Commission have intervened.

GTE expressly acknowledges that the sole basis on which it asserts a right to maintain this action is 47 U.S.C. § 252(e)(6). That provision is part of § 252, which, among other things, establishes the system of binding arbitration that led to the order at issue. Section 252(e)(6) provides in relevant part:

> In any case in which a State commission makes a determination under this section, any party aggrieved by such determination may bring an action in an appropriate Federal district court *to determine whether the agreement or statement meets the requirements of section 251 of this title and this section.*

(Emphasis added).

GTE asserts, as the sole basis for this lawsuit, that the Commission has made "determinations," that those determinations are contrary to the substantive standards set forth in the Act, and that this court should so rule, before the Commission proceeds further and before the parties enter an agreement pursuant to the Commission's erroneous rulings. The underlined portion of the Act, however, makes clear that this court has jurisdiction only "to determine whether the agreement or statement meets the requirements of" the Act.

The "statement" to which the Act refers, as GTE concedes, is a "statement" of a Bell operating company filed under § 252(f) of the Act. The case at bar involves no Bell operating company, and the reference to a "statement" thus is inapplicable here. This court therefore has jurisdiction only "to determine whether the agreement ... meets the requirements of the Act."

As GTE acknowledges, however, there is no "agreement" between the parties. Nor is there any order specifying the precise terms of any "agreement" to be entered. There is handwriting on the wall, but that handwriting is not yet so clear that anyone knows for certain just what it says. This is an area far too complex to assume that the written order to be entered, and the agreement to be entered pursuant thereto, will include precisely those provisions, and only those provisions, that either side may now expect.

It would indeed be remarkable if Congress had directed the federal district courts to undertake day-by-day review of each inchoate "determination" entered by a state commission as part of an ongoing process. Nothing in the language of the statute suggests any such intent; indeed, the plain language of the statute is to the contrary.

My conclusion in this respect accords with that of every other district court that has addressed the issue. *See GTE South, Inc., v. Breathitt,* 963 F.Supp. 610 (E.D.Ky.1997); *GTE South, Inc. v. Morrison,* 957 F.Supp. 800, 1997 WL 82527 (E.D.Va.1997); *GTE Northwest, Inc. v. Nelson,* Civil Action No. 96–1991 (W.D.Wash. March 31, 1997); *GTE Northwest, Inc. v. Hamilton,* Civil Action No. 97–6021 (D.Ore. March 28, 1997); *GTE Southwest, Inc. v. Wood,* Civil Action No. 97–3 (S.D.Tex. March 13, 1997). GTE candidly acknowledges these decisions and asserts that, while it could perhaps attempt to distinguish them in minor respects, its basic position is that the cases were wrongly decided. I conclude that the decisions accurately set forth the law. In accordance with those decisions and for the reasons set forth above,

IT IS ORDERED:

The motions to dismiss (documents 3, 4 and 7) are GRANTED. This action is dismissed without prejudice for lack of jurisdiction. The clerk shall enter a final judgment so providing and shall close the file.